UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
January 13, 2014 11:08 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_ald /_____ SCANNED BY_____

Seth Miller
   *Plaintiff.*

Case# 1:13-cv-01359

Vs.

TRIAL BY JURY DEMANDED

ARS National Services, Inc.
   *Defendant*

## PLAINTIFFS FIRST AMENDED COMPLAINT

Plaintiff, Seth Miller hereby sues Defendant ARS National Services, Inc

### PRELIMINARY STATEMENT

This is an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681, et seq. Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.

### JURISTICTION

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Seth Miller, a natural person, who resides in Barry County, Michigan.

4. The Defendant in this lawsuit is ARS National Services, Inc. (hereinafter "ARS") a foreign entity with offices at 201 West Grand Escondido, CA 92025.

## VENUE

5. The occurrences which give rise to this action occurred in Barry County, Michigan and Plaintiff resides in Barry County, Michigan.

6. Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff found after examination of his Transunion consumer credit report that Defendant ARS had obtained Plaintiff's Transunion consumer credit report on September 27, 2013.

9. Discovery of violations brought forth herein occurred in December 2013 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

## COUNT I

### VOILATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT ARS NATIONAL SERVICES, INC.

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

12. Transunion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a (f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a (d).

14. The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.

15. Such permissible purpose as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of inquiry.

16. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant ARS.

17. On **September 27, 2013** Defendant obtained the Transunion consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

18. Plaintiff sent a notice to ARS of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them.

19. At no time did Plaintiff give his consent for ARS to acquire his consumer credit report from any credit reporting agency.

20. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

21. At no time has ARS ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached

said duty by failing to do so. There was no account that Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, ARS National Services, Inc. for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT ARS NATIONAL SERVICES, INC

22. Paragraphs 1 through 21 are realleged as though fully set forth herein.

23. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

24. Defendant ARS National Services, Inc is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

25. ARS National Services, Inc. violated 15 U.S.C. §1692f any unfair or unconscionable means to collect or attempt to collect the alleged debt.

26. ARS National Services§ 1692g Failure to send the consumer a 30-day validation notice within five days of the initial communication.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, ARS National Services, Inc. for actual or statutory damages of $2000, pursuant to 15 U.S.C. §1692k.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: 1-11-14

Respectfully Submitted,

*Seth Miller*
Seth Miller
110 Florence St.
Woodland, MI 48897
Millersg@outlook.com
616-773-8830

## CERTIFICATE OF SERVICE

I, Seth Miller hereby certify that a copy of **PLAINTIFFS FIRST AMENDED COMPLAINT** was mailed to the clerk of the U.S. District Court, Western District of Michigan on January 11, 2014. I also certify that the same was mailed to the parties below.

ARS National Services, Inc.
201 West Grand Avenue.
Escondido, CA 92025

*[signature]*
Seth Miller
110 Florence St.
Woodland, MI 48897
Millersg@outlook.com
616-773-8830